IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LISA RENEE JONES                                                                          PLAINTIFF

vs.                                              Civil No. 2:12-cv-02238

CAROLYN W. COLVIN                                                                       DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

      Lisa Renee Jones ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

      Plaintiff protectively filed her disability application on September 20, 2010. (Tr. 19, 117-118). Plaintiff alleges being disabled due to Hepatitis C, pain in her feet, depression, and chronic bladder infections. (Tr. 165). Plaintiff alleges an onset date of September 1, 2010. (Tr. 19, 117). This application was denied initially and upon reconsideration. (Tr. 66-67). Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

77-86).

This hearing was held on June 28, 2011 in Fort Smith, Arkansas. (Tr. 44-65). Plaintiff was present at this hearing and was represented by David Harp. *Id.* Plaintiff and Vocational Expert ("VE") Floyd Massey testified at this hearing. *Id.* During this administrative hearing, Plaintiff testified she was thirty-three (33) years old. (Tr. 47). Such an individual is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). Plaintiff also testified she had graduated from high school. (Tr. 47).

On August 16, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 19-28). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2014. (Tr. 21, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 1, 2010, her alleged onset date. (Tr. 21, Finding 2). The ALJ determined Plaintiff had the following severe impairments: chronic urinary tract infections, Hepatitis C, and depression. (Tr. 21-22, Finding 3). The ALJ also determined, however, that Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 22-23, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 24-27, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaint sand found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) in that the claimant is able to occasionally lift and carry 20 pounds

2

>and frequently lift and carry 10 pounds. She is able to sit for six hours and stand and walk for six hours during an eight-hour day. Non-exertionally, claimant is able to perform work in which interpersonal contact is incidental to work performed; complexity of tasks is learned and performed by rote with few variables and use of little judgment; and the supervision required is simple, direct and concrete.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of her PRW. (Tr. 27, Finding 6). The ALJ then considered whether Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 27-28, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 44-65).

Considering a hypothetical individual with Plaintiff's RFC, age, work experience, and other limitations, the VE testified that person could perform the requirements of representative occupations such as cafeteria attendant with 65,000 such jobs in the nation and 350 such jobs in the state; a motel or hotel housekeeper with 166,000 such jobs in the nation and 1,700 such jobs in the state; and a production worker (assembly) with 217,000 such jobs in the nation and 1,700 such jobs in the state. (Tr. 28). Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy, and Plaintiff had not been under a disability as defined in the Act from September 1, 2010 through the date of his decision or through August 16, 2011. (Tr. 28, Finding 11).

Thereafter, on August 23, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 14). The Appeals Council denied this request for review on September 26, 2012. (Tr. 1-3). On October 12, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 17, 2012. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 12-13. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff raises the following five arguments for reversal: (A) the ALJ did not fully and fairly develop the record; (B) the ALJ erred in his Step Two determination; (C) the ALJ conducted an improper credibility evaluation; (D) the ALJ improperly assessed her RFC; and (E) the ALJ erred with his Step Five determination. ECF No. 12 at 1-14. In response, Defendant argues the ALJ properly developed the record in Plaintiff's case, the ALJ properly evaluated her severe impairments, the ALJ properly evaluated her credibility, the ALJ properly evaluated her RFC, and the ALJ properly determined she retained the capacity to perform other work. ECF No. 13. The Court will address each of the arguments Plaintiff has raised.

### A.     Development of the Record

Plaintiff claims the ALJ did not "fully and fairly develop the facts in the record." ECF No. 12 at 6-7. Specifically, Plaintiff claims the ALJ did not fully develop the record as to her "poorly healed fractures in both heels, hepatitis C, chronic urinary tract infections, and rheumatoid arthritis." *Id.* In response, Defendant argues the ALJ properly developed the record and fully considered the medical evidence included in the record. ECF No. 13 at 5-7.

Upon review of Plaintiff's claim, the Court finds no basis for reversal on this issue. Plaintiff is correct that the ALJ has the duty "to develop the record fairly and fully." *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004). That duty is not without limitation. The ALJ must only have a "sufficient basis" for his or her decision. *See Naber v. Shalala,* 22 F.3d 186, 189 (8th Cir. 1994). In the present action, there are over three hundred pages of medical records. (Tr. 215-521). These records include Plaintiffs' medical records from her treating physicians and a mental consultative examination. *Id.* Considering these records, there appears to be a "sufficient basis" for the ALJ's decision.

Further, Plaintiff has not demonstrated that any further development of the record would have been beneficial to the ALJ or resulted in a different outcome. Accordingly, no remand is required.[2] *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent unfairness or prejudice, we will not remand" for further record development).

### B.     Step Two Determination

Plaintiff claims the ALJ improperly determined her bilateral calcaneal or heel fractures,

---

[2] Plaintiff also briefly argues that her lack of consistent treatment should be excused because she was unable to afford medical care. ECF No. 12 at 6-7. However, Plaintiff had not demonstrated she was denied care due to her inability to pay. *Id.* Plaintiff's bare allegation that she was unable to afford medical treatment does not excuse her failure to receive consistent treatment. *See Riggins v. Apfel,* 177 F.3d 689, 693 (8th Cir. 1999). Accordingly, the Court need not consider this issue further.

rheumatoid arthritis, and generalized anxiety disorder were not severe impairments at Step Two of the Analysis. ECF No. 12 at 7-9. In response, Defendant argues Plaintiff has not met her burden of demonstrating these impairments qualify as severe. ECF No. 13 at 7-10. As such, the ALJ properly determined they are non-severe impairments. *Id.*

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "slight abnormalities that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).

First, Plaintiff argues her bilateral calcaneal fractures or heel fractures are severe impairments. ECF No. 12 at 7-9. Plaintiff received these fractures when she fell from a two-story window in August of 2000. (Tr. 222-224). At that time, Plaintiff received treatment for those fractures. (Tr. 221). After that, the record shows Plaintiff did not report any pain or seek any treatment for those fractures until May of 2010 when she presented to the emergency room with left foot pain after she fell and twisted her ankle. (Tr. 268). Apart from this presentation to the emergency room in 2010, Plaintiff has received no further treatment for her heel fractures. Based upon this information, the Court finds the ALJ properly determined her heel fractures are non-severe.

Second, Plaintiff argues her rheumatoid arthritis is a severe impairment. ECF No. 12 at 8. Specifically, Plaintiff claims her rheumatoid arthritis is a severe impairment because it is an "autoimmune disease with no cure" and "is a lifetime diagnosis." *Id.* However, despite Plaintiff's

7

claim, a diagnosis alone does not demonstrate an impairment is severe.  Indeed, based upon the standard outlined above, the impairment must impact the claimant's ability to perform "basic work activities" to be considered severe.  Here, there has been no medical demonstration that Plaintiff's rheumatoid arthritis impacts her "basic work activities."  Accordingly, the Court finds the ALJ did not err in finding this impairment is non-severe.

Third and finally, Plaintiff claims she suffers from the severe impairment of anxiety.  ECF No. 12 at 8.  In support of her claim, Plaintiff references the consultative report completed by Dr. Terry Efird, Ph.D. wherein Plaintiff was found to suffer from "generalized anxiety disorder."  (Tr. 293).  Despite this diagnosis, however, Plaintiff has not demonstrated she has work limitations due to her anxiety.  ECF No. 12 at 8.  Indeed, while Plaintiff claims she has "symptoms of nervousness, excessive worry, and other signs of anxiety" that wold impact her ability to work, Plaintiff has provided no medical records to support these allegations.  *Id.*  Thus, the Court finds the ALJ did not err in finding this impairment is non-severe.

**C.  Credibility Determination**

Plaintiff claims the ALJ erred in assessing the credibility of her subjective complaints.  ECF No. 12 at 9-10.  In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with *Polaski*. (Tr. 24-27).  In his opinion, the ALJ provided several valid reasons for discounting Plaintiff's subjective complaints.  *Id*. Specifically, the ALJ first noted Plaintiff's medical records did not support her allegations.  *Id.* Then, the ALJ found that despite her claim of being disabled, she was able to care for her two

9

children and "does what needs to be done to take care of her family"; was able "to drive, shop, and perform household chores"; and collected unemployment benefits which required her to affirm she was able to work. (Tr. 24-27). Considering this information, the Court finds no basis for reversing the ALJ's evaluation of Plaintiff's subjective complaints. *See Renstrom v. Astrue,* 680 F.3d 1057, 1067 (8th Cir. 2012) (holding "[b]ecause the ALJ gave good reasons for discounting Renstrom's credibility, we defer to the ALJ's credibility findings").

### D.     RFC Determination

Plaintiff argues the ALJ did not fully consider her limitations when he evaluated her RFC. ECF No. 12 at 10-12. In making this claim, Plaintiff makes the bare argument that her impairments are "well supported by the evidence" and should have been considered in evaluating her RFC. *Id.*

Plaintiff, however, does not reference any medical evidence in her briefing demonstrating her limitations are as severe as she alleges and are disabling. ECF No. 12 at 10-12. Further, as noted above, the ALJ properly found her subjective complaints of disability were not fully credible.

Plaintiff has the burden of demonstrating her RFC and her limitations. *See Perks v. Astrue,* 687 F.3d 1086, 1092 (8th Cir. 2012) (citation omitted). Because she has not met this burden by providing credible evidence–either medical or subjective–demonstrating her alleged limitations, the Court finds the ALJ did not err in assessing her RFC.

### E.     Step Five Evaluation

Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record because she "cannot perform the jobs identified at Step Five." ECF No. 12 at 12-13. Specifically, Plaintiff claims the ALJ improperly assessed her RFC and presented that improper RFC to the VE as a part of a hypothetical. *Id.* Plaintiff claims that based upon that defective hypothetical,

the VE improperly found Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. *Id.*

Despite this claim, as noted above, the ALJ's RFC determination is supported by substantial evidence in the record. Accordingly, because the ALJ presented to the vocational expert the limitations he found to be credible based upon his assessment of Plaintiff's RFC, his Step Five determination is supported by substantial evidence in the record. *See Gragg v. Astrue,* 615 F.3d 932, 940 (8th Cir. 2010) (holding "[t]he hypothetical question need only include those impairments and limitations found credible by the ALJ"). Thus, the Court finds no basis for reversal on this issue.

4.  **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 25th day of November 2013.**

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE